UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
CARMEN MILEY,

            Plaintiff,

                                      MEMORANDUM & ORDER

   -against-

                                      05-CV-2481 (CBA)

DR. SIMON SAADA, DR. NORMAN
SAFFRA, DR. MARIA REINES,
JOHN DOE (1-12),

           Defendants.
------------------------------X
AMON, United States District Judge:


INTRODUCTION

    Plaintiff Carmen Miley, appearing *pro se*, brings this action against defendants for "unlawful employment practices." (Compl. ¶ 1.) She asserts causes of action pursuant to Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). (Id. ¶ 2.) Plaintiff has paid the filing fee to bring this action. For the reasons set forth below, plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order should she wish to pursue these claims.


BACKGROUND

    Plaintiff alleges that she was employed by Victory Memorial Hospital (the "hospital") in Brooklyn from 1994 until her

1

dismissal in August 2004.[1]  ( Id. ¶¶ 1, 10.)  Plaintiff alleges that beginning in May 2004, defendants — physicians contracted to the hospital (id. ¶ 5) — made false statements about her work performance and conduct.  (Id. ¶¶ 7-9.)  Plaintiff alleges that as a result of defendants' actions, she was terminated and "suffered, and will continue to suffer, emotional and mental anguish, and damage to her reputation."  (Id. ¶¶ 10-12.)  Plaintiff seeks monetary damages and injunctive relief.

DISCUSSION

I.  Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, because plaintiff is proceeding *pro se,* her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Furthermore, a *pro se* plaintiff shall be granted leave to amend if there is "any indication that a valid claim may be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

---

[1] Plaintiff gives two different dates for the date of her dismissal–August 20, 2003 and August 20, 2004.  It appears that the 2003 date may be a typographical error, as it is inconsistent with plaintiff's other allegations.

II. Title VII and ADEA

Plaintiff brings this action under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act of 1967 ("ADEA"). (Compl. ¶ 2.) As a preliminary matter, the Court notes that "individual defendants with supervisory control over a plaintiff may not be held liable under Title VII." Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995). Nor is there individual liability under the ADEA. See Storr v. Anderson Sch., 919 F. Supp. 144, 146-48 (S.D.N.Y. 1996); Falbaum v. Pomerantz, 891 F. Supp. 986, 991 (S.D.N.Y. 1995) ("Congress intended to hold employers, but not individual employees, liable for acts of discrimination in employment"). As such, plaintiff cannot pursue her Title VII and ADEA claims against individual doctors at the hospital. See Tomka, 66 F.3d at 1317 (affirming district court's dismissal of Title VII claim against three co-employees).

Furthermore, any claims that a plaintiff wishes to bring under Title VII or the ADEA must first be pursued through administrative agency review. Specifically, a Title VII or ADEA plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and to receive a "right-to-sue" notice before bringing a claim in federal court. See 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d); Hodge v. N.Y. Coll. of Podiatric Med., 157 F.3d 164, 166 (2d Cir. 1998). In Title VII cases, a "right-to-sue" notice will issue automatically where

the EEOC dismisses the charge, or upon request if 180 days have elapsed and the EEOC has not entered into a conciliation agreement or filed a civil action against the employer. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 465 n. 3 (1982); 42 U.S.C. § 2000e-5(f)(1). Upon receiving a right-to-sue notice from the EEOC, a plaintiff who wishes to commence a civil action under Title VII or the ADEA has 90 days in which to file a complaint against his or her employer in federal district court. Kremer, 456 U.S. at 465 n.3; Toolan v. Bd. of Educ., 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003); 29 C.F.R. 1601.28 (e)(1).

Although a plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but rather a precondition to a civil action that can be waived by the parties or the court, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468, 474 (2d Cir. 1999), the Second Circuit has consistently held that "[e]xhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes," Legnani v. Alitalia Linee Aeree Italiane, S.P.A, 274 F.3d 683, 686 (2d Cir. 2001), "and one with which defendants are entitled to insist that plaintiffs comply." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000). Here, plaintiff does not allege that she filed a claim with the EEOC, nor does she offer

any explanation for her failure to do so.  Accordingly, the Court declines to waive this precondition to her bringing a claim in federal court.

III. Leave to File an Amended Complaint

For the forgoing reasons, plaintiff must obtain a right-to-sue letter from the EEOC in order to pursue her employment discrimination claims under Title VII and/or the ADEA.  If indeed plaintiff wishes to pursue these claims in federal court, she is directed to file an amended complaint naming her former employer as defendant and attaching a copy of the required EEOC right-to-sue letter.  The amended complaint shall be filed with this Court within thirty (30) days of plaintiff's receipt of this Order, and shall be captioned as an "AMENDED COMPLAINT" and bear the docket number 05-CV-2481.[2]  No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order.  Should plaintiff fail to submit an amended complaint as directed by this Order, the Court shall dismiss the instant action without prejudice.

---

[2] Plaintiff may use the Amended Complaint form attached hereto.

CONCLUSION

Plaintiff must obtain a right-to-sue letter from the EEOC in order to pursue her employment discrimination claims under Title VII and/or the ADEA. If indeed plaintiff wishes to pursue these claims in federal court, she is directed to file an amended complaint naming her former employer as defendant and attaching a copy of the required EEOC right-to-sue letter. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order. Should plaintiff fail to submit an amended complaint as directed by this Order, the Court shall dismiss the instant action without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   Brooklyn, New York
         June 9, 2005

                                        Carol Bagley Amon
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMEN MILEY,

                Plaintiff,

                                                            **AMENDED COMPLAINT**
   -against-                                               05-CV-2481 (CBA)




                Defendants.
------------------------------------------------------------X


       This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

        _____        Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.

        _____        Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.

        _____        Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

_____, _____,
                   *Street Address*                                                    *City*

_____,_____,_____,_____.
   *County*          *State*   *Zip Code*   *Telephone Number*

2. Defendant(s) lives at, or its business is located at:

_____, _____,
                   *Street Address*                                                    *City*

_____,_____,_____,_____.
   *County*          *State*   *Zip Code*   *Telephone Number*

3. The address at which I sought employment or was employed by the defendant(s) is:

_____,
                   *Street Address*

_____,_____  _____, _____.
   *County*          *City*           *State*     *Zip Code*

4.  The discriminatory conduct of which I complain in this action includes *(check only those that apply)*:

    \_\_\_\_\_ Failure to hire me.

    \_\_\_\_\_ Termination of my employment.

    \_\_\_\_\_ Failure to promote me.

    \_\_\_\_\_ Failure to accommodate my disability.

    \_\_\_\_\_ Unequal terms and conditions of my employment.

    \_\_\_\_\_ Retaliation

    \_\_\_\_\_ Other acts *(specify)*:_____.

NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.

5.  It is my best recollection that the alleged discriminatory acts occurred on:

_____.
      Date

6.  I believe that defendant(s) *(check one)*

    \_\_\_\_\_ is still committing these acts against me.

    \_\_\_\_\_ is <u>not</u> still committing these acts against me.

7.  Defendant(s) discriminated against me based on my:

    *(check only those that apply and explain)*

    [ ] race _____ [ ] color _____ [ ] gender/sex \_\_\_\_ [ ] religion _____

    [ ] national origin _____

    [ ] age \_\_\_\_\_. My date of birth is: _____
                                                         Date

    [ ] disability _____

NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.

8. The facts of my case are as follows:

_____

_____

_____

_____

_____

_____

_____ *(Attach additional sheets as necessary)*

**Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.*

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct

on:_____.
        *Date*

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct

on:_____.
        *Date*

Only litigants alleging age discrimination must answer Question # 11.

11.     Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*,

    \_\_\_\_\_ 60 days or more have elapsed.

    \_\_\_\_\_ less than 60 days have elapsed.

12.     The Equal Employment Opportunity Commission (check one):

    \_\_\_\_\_ has not issued a Right to Sue letter.

    \_\_\_\_\_ has issued a Right to Sue letter, which I received on _____.
                              Date

**NOTE:**     *Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.*

WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

                                            _____
                                              *PLAINTIFF'S SIGNATURE*

    Dated:_____

\* \* \* \* \*

      In some types of actions, you are entitled to a trial by jury. However, you lose your rights to a jury trial if you do not ask for it early enough.

      If you want a jury trial you should write **"JURY TRIAL DEMANDED"** on the front page of your complaint to the right of the caption, above or below the word "complaint".  You can also demand a jury trial within 10 days of service of the defendant's answer.  See Rule 38(b) of the Federal Rules of Civil Procedure.

\* \* \* \* \*