UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 05-CV-2481 (JFB)

———————

CARMEN MILEY,

Plaintiff,

VERSUS

DR. SIMON SAADA,
DR. NORMAN SAFFRA,
DR. MARIA REINES,
JOHN DOE (1-12),

Defendants.

———————

MEMORANDUM AND ORDER
April 12, 2006

———————

JOSEPH F. BIANCO, District Judge:

This matter was reassigned to the undersigned from the Honorable Carol B. Amon on February 10, 2006. For the reasons that follow, the Court directs plaintiff to show cause by written affirmation within thirty (30) days of the date of this Order why the instant action should not be dismissed for lack of subject matter jurisdiction.

I. BACKGROUND

Plaintiff, a New York resident, filed the instant fee-paid action *pro se* on April 29, 2005, alleging that defendants' actions caused her to be wrongfully terminated by her employer–Victory Memorial Hospital in Brooklyn, New York. (Compl. ¶¶ 10-12.) Plaintiff asserted causes of action pursuant to Title VII of the Civil Rights Act (hereinafter "Title VII") and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"). By order dated June 9, 2005, the Court directed plaintiff to file an amended complaint within thirty (30) days. (*Miley v. Saada, et al.*, No. 05-CV-2481 (CBA), slip op. at 5 (E.D.N.Y. June 9, 2005)). The Court held that in order to pursue her causes of action, she must (1) name her employer, not her former colleagues, as defendant, and (2) submit a "right-to-sue" notice issued by the Equal Employment Opportunity Commission. (*Id.*, slip op. at 3-6). The Court warned

plaintiff that if she failed to amend her complaint as directed, her action would be dismissed without prejudice. (*Id.*, slip op. at 6).

Subsequent to the Court's order, plaintiff retained counsel, and on August 18, 2005, plaintiff's counsel submitted an amended complaint. On April 11, 2006, defendants Saada, Saffra and Reinis filed answers to the amended complaint.[1]

## II. DISCUSSION

The amended complaint is virtually identical to the original complaint.[2] Plaintiff does not name her former employer as defendant, nor does she submit a right to sue letter as directed by the Court. The only significant amendment to the original complaint is that plaintiff alleges that defendant Saada is a resident of New Jersey[3] and that defendant Saffra is a resident of Connecticut.[4] (Am. Compl. ¶¶ 6-7). Plaintiff does not allege the citizenship of defendant Reinis.

The amended complaint does not specifically state that plaintiff is abandoning her claims pursuant to Title VII and the ADEA. However, by not complying with the Court's prior order and alleging the non-New York residency of two of the three named defendants, it appears that plaintiff has withdrawn her Title VII and ADEA causes of action and invokes this Court's jurisdiction pursuant to the diversity statute–28 U.S.C. § 1332–raising tort claims based on slander and intentional infliction of emotional distress. (*See* Am. Compl. ¶ 1).

Pursuant to § 1332, federal jurisdiction is available when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. However, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original)). As plaintiff fails to allege the residency of defendant Reinis, it is unclear whether complete diversity of citizenship exists between plaintiff and each of the defendants. (*See Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989) (failure to plead complete diversity is fatal to an assertion of diversity jurisdiction)).

Furthermore, plaintiff does not specify the amount of damages she seeks. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a

---

[1] In her answer to the amended complaint, defendant Dr. Maria Reinis informs the Court that plaintiff misspelled her last name as Reines in the complaint and amended complaint. (Dr. Maria Reinis's Answer at 1).

[2] Indeed, the amended complaint contains a typographical error contained in the original complaint. The Court noted in its prior order, that in her original complaint, plaintiff gave two different dates for the date of her dismissal–August 20, 2003 and August 20, 2004–but that the 2003 date was inconsistent with her other allegations. (*Miley*, slip op. at 2 n.1 (E.D.N.Y. June 9, 2005)). Despite the Court's observation of this discrepancy, the amended complaint contains the apparently erroneous 2003 date. (*See* Am. Compl. ¶ 4).

[3] Defendant Saada admits that he is a resident of New Jersey. (Dr. Simon Saada's Answer ¶ 6).

[4] Without specifying where he is resident, defendant Saffra denies that he is a resident Connecticut. (Dr. Norman Saffra's Answer ¶ 7).

'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (*Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994))). Additionally, "with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" (*Tongkook*, 14 F.3d at 784 (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1996)) (parenthetical in original)). Accordingly, plaintiff's amended complaint does not satisfy the amount in controversy requirement of § 1332.

### III. CONCLUSION

Nevertheless, the Court affords plaintiff an opportunity to establish that it has jurisdiction over her complaint. Plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this order why the Court should not dismiss her complaint for lack of subject matter jurisdiction. As described above, if plaintiff wishes to proceed under the diversity statute, she must establish that complete diversity exists between the parties and that "recovery in excess of [$75,000] is reasonably possible." (*Chase Manhattan Bank*, 93 F.3d at 1070 (quotations omitted)). All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to show cause within the time allotted, plaintiff's action shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. (*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 12, 2006
Brooklyn, NY

3